UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

SHARP GENERAL CONTRACTORS, INC.,

    Plaintiff,

v.                                                  CASE NO: 0:06-cv-61573-DLG

MT. HAWLEY INSURANCE COMPANY,

    Defendant.

_____/

### MT. HAWLEY'S MOTION FOR SANCTIONS AND INCORPORATED MEMORANDUM OF LAW

    MT. HAWLEY INSURANCE COMPANY ("Mt. Hawley"), pursuant to Federal Rule of Civil Procedure 37, moves the Court to enter an order for sanctions against debtor/plaintiff, SHARP GENERAL CONTRACTORS, INC. ("Sharp"), for failure to comply with this Court's order, and as grounds states:

    1.    On January 12, 2010, Mt. Hawley moved to enforce the judgment against Sharp [DE 56] by requiring it to complete a fact information sheet under Federal Rule of Civil Procedure 69, because the judgment against Sharp [DE 54] is outstanding.

    2.    Based on Sharp's failure to respond, on March 2, 2010, this Court granted Mt. Hawley's motion and entered an order requiring Sharp to "fully and accurately complete the fact information sheet within fourteen (14) days of the date of this Order." [DE 59]. The order provided that failure to comply would result in sanctions and contempt under Federal Rule of Civil Procedure 37.

    3.    Sharp failed to comply with the order within the allotted time and, to date, has still not complied with this Court's order.

4. "Courts have the inherent authority to control the proceedings before them, which includes the authority to impose 'reasonable and appropriate' sanctions." *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1335 (11th Cir. 2002) (citations omitted). Rule 37 "gives district judges broad discretion to fashion appropriate sanctions for violation of discovery orders . . . ." *Malautea v. Suzuki Motor Co.*, Ltd., 987 F.2d 1536, 1542 (11th Cir. 1993). The "imposition of sanctions for failure to provide discovery rests with the sound discretion of the district court, and will not be overturned absent abuse of the discretion." *Properties Int'l, Ltd. v. Turner*, 706 F.2d 308, 310 (11th Cir.1983). "'Sanctions allowed under Fed. R. Civ. P. 37 are intended to 1) compensate the court and other parties for the added expense caused by discovery abuses, 2) compel discovery, 3) deter others from engaging in similar conduct, and 4) penalize the offending party or attorney.'" *Carlson v. Bosem*, 2007 WL 1841067, *2 (11th Cir. June 28, 2007) (quoting *Wouters v. Martin County*, 9 F.3d 924, 933 (11th Cir. 1993)).

5. As such, pursuant to Federal Rule of Civil Procedure 37, Mt. Hawley moves for an order for sanctions and contempt against Sharp.

6. As evidenced by the affidavit of Todd M. Davis, an attorney who worked on this particular issue of the case, to date, Mt. Hawley has incurred approximately $962.50 in attorney's fees in attempting to compel Sharp to comply with the discovery request. A copy of the affidavit of Todd M. Davis is attached as Exhibit "A."

WHEREFORE, Mt. Hawley respectfully requests that this Court enter an order for sanctions and contempt against Sharp, and require Sharp to reimburse Mt. Hawley for the fees and costs incurred in making this motion, as well as any other relief the Court deems equitable, just, and fair under the circumstances.

14472964v1  867739  11654

         Respectfully submitted,

         HINSHAW & CULBERTSON LLP

         /s/SINA BAHADORAN
         **SINA BAHADORAN, ESQUIRE**
         Florida Bar No. 523364
         sbahadoran@hinshawlaw.com
         9155 South Dadeland Boulevard
         Suite 1600
         Miami, Florida 33216
         Telephone: 305-358-7747
         Facsimile: 305-577-1063

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 25, 2010, I e-filed this document using the CM/ECF system. I further certify that I am unaware of any non-CM/ECF participants.

         /s/SINA BAHADORAN
         Sina Bahadoran

14472964v1 867739 11654